IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALLEN JAMES GRANGER | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-506 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Allen James Granger, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner is challenging a 2007 conviction for aggravated robbery in the Criminal District Court of Jefferson County, Texas. As a result of the conviction, he was sentenced to 60 years of imprisonment.

As a prerequisite to obtaining relief under 28 U.S.C. § 2254, a prisoner must first exhaust available state remedies. 28 U.S.C. § 2254(b). A prisoner has not exhausted available state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, a petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, all claims must be presented to, and ruled on by, the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Claims may be presented to the Court of Criminal Appeals during the direct appeal process, by filing a petition for discretionary review, or in a collateral attack brought pursuant to

Article 11.07 of the Texas Code of Criminal Procedure. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Petitioner does not state he has filed a petition for discretionary review. Nor does he state he filed a state application for writ of habeas corpus concerning his aggravated robbery conviction. As Petitioner does not assert that he has presented his claims to the Texas Court Criminal Appeals, he has failed to exhaust his state court remedies. His Petition should therefore be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed without prejudice for failure to exhaust state court remedies.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 31st day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE